## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

REGINALD SHERRER,

        Plaintiff,

v.                               CIVIL ACTION NO.   3:22-0192

FAIRHAVEN OPCO, LLC,

        Defendant.

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Fairhaven OPCO, LLC's Motion for More Definite Statement. ECF No. 7. Plaintiff Reginald Sherrer opposes the motion, arguing the Complaint is sufficient as it currently exists. Upon review of the Complaint and the arguments of the parties, the Court **DENIES, in part,** and **GRANTS, in part,** Defendant's motion.

On April 18, 2022, Plaintiff filed his Complaint in this Court. In the Complaint, Plaintiff alleges he worked as a maintenance director for Defendant, which operates a nursing and residential care facility. Plaintiff claims that he began working for Defendant in 2017, and his regular work schedule was at least forty hours per week. However, Plaintiff states he often worked over fifty hours per week during the pandemic.

In November 2021, Plaintiff asserts that he began suffering respiratory problems. Initially, Plaintiff believed he had bronchitis, but he was diagnosed with congestive heart failure and was hospitalized several times between November 2021 and March 2022. Plaintiff asserts that

he notified Defendant he was experiencing serious health issues "[a]s early as November 2021." *Compl.* at ¶13. In January 2022, Plaintiff claims that he was given a light duty assignment, but he continued to work at least forty hours per week.

From on or about March 3 through March 9, 2022, Plaintiff states he was admitted to the hospital to treat his heart failure. Upon being released by his physician, Plaintiff returned to work on March 9. The next day, Plaintiff became ill at work, went to the hospital, and received a blood transfusion. Plaintiff states he was released from the hospital on March 14. However, when he returned to work, "Defendant immediately terminated him" for "'insubordination' and falsif[ying] a medical release form." *Id*. at ¶¶ 23, 39. Plaintiff insists the grounds for his termination are baseless. Plaintiff also contends Defendant never spoke with him about the possibility of reasonable accommodations after his March 2022 hospital stays. However, he learned "from other employees that the Defendant had accused him of abusing drugs" around the time he was terminated, and that "Defendant improperly accessed [his] confidential and private medical information without his consent." *Id*. at ¶¶25, 26.

Plaintiff asserts "he was qualified and eligible to take leave under the FMLA for his serious health conditions(s)," having "been employed by Defendant longer than twelve (12) months and [having] worked at least twelve hundred fifty (1250) hours of service for Defendant." *Id*. at ¶¶29, 30.[1] Despite knowing of his serious health condition, Plaintiff claims that at no time did Defendant ever advise, explain, or notify him of hir rights under the Family Medical Leave Act

---

[1]Plaintiff also alleges Defendant employed fifty or more people within seventy-five miles of where he was employed.

(FMLA), 29 U.S.C. § 2601 *et seq*. In fact, Plaintiff asserts Defendant told him not to worry about FMLA leave when he asked about it.

Given these allegations, Plaintiff asserts in Count I that Defendant interfered with his rights under the FMLA and, in Count II, that Defendant retaliated against him "for taking leave and otherwise exercising his rights under the FMLA." *Id*. at ¶41. In Count III, Plaintiff alleges Defendant's actions violated the West Virginia Human Rights Act's prohibition against disability discrimination. Additionally, Plaintiff claims in Count IV that Defendant violated his privacy when it improperly accessed his medical information and divulged his private medical information to third parties. Lastly, in Count V, Plaintiff asserts Defendant defamed him by falsely accusing him of engaging in illegal and improper behavior as a drug abuser.

In its motion, Defendant moves for the Court to require Plaintiff to provide a more definite statement to support his claims pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. To comply with the federal pleading standards, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). This standard is not demanding but, if a complaint "is so vague or ambiguous that the party cannot reasonably prepare a response," Rule 12(e) provides that a defendant "may move for a more definite statement." Fed.R.Civ.P. 12(e), in part. It is axiomatic that these two rules be read in conjunction with one another, and the decision of whether or not to grant a motion for a more definite statement "is a matter generally left to the district court's discretion." *Hodgson v. Virginia Baptist Hosp., Inc*., 482 F.2d 821, 824 (4th Cir. 1973). Moreover, courts have held that a motion under Rule 12(e) is "designed to strike at

unintelligibility rather than simple want of detail" and, therefore, such motion "will be granted only when the complaint is so vague and ambiguous that the defendant cannot frame a responsive pleading." *Pugh v. E.E.O.C.*, No. 13-cv-2862, 2014 WL 2964415, at *3 (D. Md. June 30, 2014) (quoting *Frederick v. Koziol*, 727 F. Supp. 1019, 1020–21 (E.D. Va. 1990)). As a result, "the class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small." 5C Charles Alan Wright & Arthur R. Miller, 5C Federal Practice & Procedure § 1376 (3d ed.).

Defendant first argues that, although Plaintiff claimed to have worked at least 1,250 hours, he failed to allege they were "during the previous 12-month period," as required to be considered an "eligible employee" under the FMLA. *See* 29 U.S.C. § 2611(2)(A) (defining "eligible employee" as "an employee who has been employed (i) for at least 12 months by the employer with respect to whom leave is requested . . . and (ii) for at least 1,250 hours of service with such employer during the previous 12-month period"). In support, Defendant cites *Peter v. Coal River Mining, L.L.C.*, Civ. Act. No. 2:08-0009, 2008 WL 11429442 (S.D. W. Va. May 7, 2008), in which the Honorable John T. Copenhaver, Jr., District Judge, granted the defendant's motion for a more definite statement where the plaintiff alleged he was an "'eligible employee' under the FMLA," but he failed to allege he worked at least 1,250 hours within the twelve months before his FMLA leave request. 2008 WL 11429442, *5.

In his Response, Plaintiff concedes he did not specifically allege that he had worked at least 1,250 hours "during the previous 12-month period." However, he argues that his allegations that he had a forty hour a week position, often worked over fifty hours, and continued to work at least forty hours a week when put on light-duty work gives Defendant more than

-4-

sufficient notice that he worked the requisite hours "during the previous 12-month time period" and qualified as an eligible employee under the FMLA.

Upon review, the Court agrees with Plaintiff and finds this case distinguishable from *Peters.* In *Peters*, the plaintiff only made a cursory statement he was an "eligible employee," apparently without any more detail. *Id*. On the other hand, in this case, Plaintiff stated he worked for Defendant from 2017 to 2022, his regular work schedule was at least forty hours a week, he often more than fifty hours a week, he continued to work at least forty hours a week when he was put on light duty in January 2022, and he had worked at least 1,250 hours before he had requested FMLA leave. Although it is preferable for a plaintiff to expressly state in the Complaint that he worked the requisite number of hours "during the previous 12-month period," it is easy to surmise as much from the totality of his allegations in this case, and Plaintiff's FMLA claim is not so unintelligible, vague, or ambiguous that Defendant cannot form a response. Therefore, the Court **DENIES** Defendant's motion for a more definite statement with regard to Plaintiff's FMLA claim.

Defendant next argues the Court should direct Plaintiff to file a more definite statement regarding his defamation and invasion of privacy claim. Specifically, Defendant seeks Plaintiff to clarify the acts or omissions that serve as the bases of his claims, the date(s) Defendant purportedly committed the acts or omissions, the identifies of the recipients of any non-privileged communications, and date(s) the complained-of communications occurred. Defendant argues Plaintiff's bare-bones allegation that Defendant accused him of drug abuse and Defendant improperly accessed his medical records is simply not enough for it to fashion a response.

-5-

In support of its position with respect to the defamation claim, Defendant cites *Grewe v. Amerifleet Transportation, Inc.*, No. CV WDQ-08-2765, 2009 WL 10727162 (D. Md. Jan. 5, 2009). In *Grewe*, a *pro se* plaintiff sued his former employer for wrongful termination and defamation. 2009 WL 10727162, at *1. With respect to the defamation claim, the employer moved for a more definite statement under Rule 12(e) because the plaintiff only alleged his employer "knowingly communicated to several people the false and defaming statement that plaintiff abandoned his position." *Id*. at *4 (internal quotation marks and citation omitted). Upon review, the court found the plaintiff's claim insufficient because he only "provided non-exhaustive lists of speakers and recipients, and a four-year time period in which the statements occurred. He [had] not identified where the statements were made, or given details about them. He [had] merely alleged that the statements related to abandoning his job." *Id*. at *5. Therefore, the court directed the plaintiff to file a more definite statement as to his defamation claim.

Similarly in this case, Plaintiff has made a broad statement he was defamed. Plaintiff does not identify who made the alleged defamatory statements, who heard the statements, or when the unidentified third persons heard the statements. His sole factual allegation in this respect is that, "[n]ear the time of his termination, [he] received communication from other employees that the Defendant accused him of abusing drugs." *Compl.* at ¶25.

In response to Defendant's motion, Plaintiff contends that the details related to this allegation can be disclosed during discovery, and it is unnecessary for him to allege anything more at this point. However, the Court agrees with Defendant. Given the dearth of any facts supporting the defamation claim, the Court finds it is too vague to allow Defendant to prepare a response or

assert affirmative defenses. Therefore, the Court **GRANTS** its motion as to defamation and **DIRECTS** Plaintiff to provide a more definite statement as to his claim.

Likewise, the Court finds Defendant's motion for a more definite statement on Plaintiff's invasion of privacy claim is well founded. As to this claim, Plaintiff simply alleges Defendant improperly accessed his confidential medical records and divulged the information to unauthorized third parties. *Id*. at ¶¶55-59. Much like with the defamation claim, it is difficult for the Court to imagine how Defendant could frame an adequate response or assert any affirmative defenses, such as a statute of limitations defense, on this bare allegation that is devoid of any supporting facts. Therefore, the Court **GRANTS** the motion with respect to Plaintiff's claim of invasion of privacy and also **DIRECTS** plaintiff to file a more definite statement as to this claim.

Accordingly, for the foregoing reasons, the Court **DENIES** Defendant's Motion for More Definite Statement as to Plaintiff's FMLA claim, but **GRANTS** the motion with respect to Plaintiff's defamation and invasion of privacy claims. The Court **DIRECTS** Plaintiff to file a more definite statement within fourteen days of entry of this Memorandum Opinion and Order.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:      August 18, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE